Matter of Heintzman v Heintzman (2019 NY Slip Op 02873)





Matter of Heintzman v Heintzman


2019 NY Slip Op 02873


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10562
 (Docket Nos. F-14662-13/16E, F-11734-15/15A)

[*1]In the Matter of Douglas Heintzman, appellant,
v
Jennifer Heintzman, respondent.


Douglas Heintzman, Toronto, Ontario, Canada, appellant pro se.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), entered August 25, 2017. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) entered June 21, 2017, which, after a hearing, dismissed the father's petition to enforce certain provisions of the parties' separation agreement, which was incorporated but not merged into a judgment of divorce dated December 3, 2004, and his petition for a downward modification of his child support obligation.
ORDERED that the order entered August 25, 2017, is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order entered June 21, 2017, as dismissed that branch of his petition which was for a downward modification of his child support obligation based on a reduction in his gross income by more than 15%, and substituting therefor a provision granting that objection and vacating that portion of the order entered June 21, 2017; as so modified, the order entered August 25, 2017, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.
The parties were married in August 1989 and have three children together. In October 2004, the parties entered into a separation agreement, which was incorporated but not merged into their subsequent judgment of divorce. The separation agreement, among other things, required the parties to share the costs of certain add-on expenses for their children. In September 2015, the father filed a petition to enforce certain provisions of the separation agreement incorporated into the judgment of divorce. He alleged that the mother failed to pay her share of the children's unreimbursed medical expenses, extracurricular activity expenses, and college education expenses. Thereafter, the father filed a petition for a downward modification of his child support obligation, alleging that his income had declined by more than 15%, and that the parties' remaining unemancipated child has not resided with the mother since September 2015. After a hearing, the Support Magistrate dismissed both petitions. In her order, the Support Magistrate did not consider that branch of the father's petition which was for a downward modification of his child support obligation based on a reduction in his income. In the order appealed from, the Family Court denied the father's objections to the Support Magistrate's order dismissing the petitions.
Contrary to the father's contention, the Support Magistrate did not err in dismissing the father's enforcement petition in light of the father's failure to provide proof that he notified the [*2]mother of her alleged violations of the parties' separation agreement.
In addition, the record supports the Support Magistrate's determination that the father failed to establish a substantial change in circumstances warranting a downward modification of his child support obligation based on his claim that the parties' remaining unemancipated child has not resided with the mother since September 2015 and was currently residing with the father when the child was not at college (cf. Matter of Moradi v Noorani, 163 AD3d 570, 570; Matter of DiPaola v DiPaola, 28 AD3d 480, 480).
However, the Support Magistrate should have considered that branch of the father's petition which was for a downward modification of his child support obligation based on a reduction in his income by more than 15% (see Family Ct Act § 451[3][b][ii]). Therefore, we remit the matter to the Family Court, Westchester County, for a hearing and determination thereafter of that branch of the father's petition.
The father's remaining contentions are without merit.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court